35 C.C.P.A. (Patents)

### In re GUYER.

#### Patent Appeal No. 5330.

Court of Customs and Patent Appeals.
June 17, 1947.

Rehearing Denied Sept. 29, 1947.

Vernon M. Dorsey, of Washington, D. C., (Frederick H. Knight, of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The primary Examiner of the United States Patent Office allowed claims 3, 4, 5, 6, 14 and 17 of appellant's application for a patent relating to a method and apparatus for glass heating and working, but rejected claims 1, 2, 7, 8 and 20 for want of patentable invention over the prior art, listed as follows: Voelker 1,107,387 Aug. 18, 1914; Walker 1,570,803 Jan. 26, 1926; Delpech 2,018,056 Oct. 22, 1935; Guyer 2,306,-054 Dec. 22, 1942.

From the decision of the Board of Appeals affirming the action of the examiner in rejecting the said claims appellant has here appealed.

In this court appellant moved to dismiss the appeal as to claims 1 and 20, which motion will be granted, leaving for our con-

sideration the board's action in affirming the examiner's rejection of claims 2, 7, and 8, all of which are method claims.

Of these claims, 2 and 7 were regarded by the board as illustrative of the appealed subject matter and will be so regarded by us and follow:

"2. The method of heating a restricted path in a hard glass body, which comprises passing a high frequency current of low amperage thru said glass along said path under the influence of a high potential, and thereafter passing a high amperage current of low frequency along said path under the influence of a lower potential."

"7. The method of heating a restricted path in a hard glass body which comprises heating a restricted path in said body to reduce its electrical resistance, passing a low amperage high frequency discharge therethru to further heat the glass in said path and further reduce its resistance, and passing higher amperage discharges of low frequency thru said glass to bring the same to melting temperature."

The claimed invention of the three appealed claims is confined to the electrical heating of a glass body. As explained by the examiner, the apparatus disclosed in following the method shows means of holding a hard glass body, such as a glass tube, so as to come in contact with at least two electrodes positioned with their points adjacent said body at spaced points along a path therein, a high power capacity means connected to a transformer for impressing a low frequency, low potential on the said electrodes, and a low power capacity means for impressing a high frequency, high potential on said electrodes, at least one of the latter electrodes being located on the opposite side of the body from another of the electrodes. One lead of the high frequency source is connected to the midpoint of the transformer. This connection prevents the current from the high frequency source from flowing into the low frequency source.

Voelker discloses a quartz body heated by an electric arc which is passed between the electrodes. The quartz body is rotated by a pulley and belt.

Delpech discloses a quartz body heated by an electric arc which is also established by electrodes. The quartz body is rotated by a plate.

Walker discloses apparatus for and method of superimposing a high voltage, high frequency current of a small amperage on a circuit containing a low voltage, low frequency source of energy for the purpose of causing the high voltage current to jump across an arc under conditions which would not allow the low current to become active.

The examiner rejected the claims by applying the prior art references as follows:

"Claims * * * 2, 7, 8 * * * are not considered patentable over either Delpech or Voelker in view of Walker. No new and unobvious results are considered accomplished by merely superimposing the high frequency, high voltage current of Walker to initiate and maintain the arc of either Delpech or Voelker. Quartz glass conducts a sufficient amount of current to satisfy the requirements of applicant's method claims * * * 2, 7 and 8. Applicant has already received patent protection for his method of heating hard glass by passing an electric current therethrough in his Patent No. 2,306,054. For example, claim 8 of this case does not patentably distinguish over claims 1, 2 and 3 of the patent.

"It is considered that applicant is not entitled to receive a claim which would prevent the public from superimposing the high frequency, high voltage current of Walker upon the circuit of either Delpech or Voelker to initiate and maintain their respective arcs. The public is entitled to all inherent benefits from such combination of teachings."

The Board of Appeals affirmed the action of the Primary Examiner generally but disapproved that portion of his decision relating to double patenting. Therefore, that question is not before us and there is no necessity to refer to the Guyer patent. The sole issue is whether or not appellant has disclosed anything inventive over the prior art referred to.

Appellent complains that there are inconsistencies between the board's opinion

and that of the examiner and that therefore the presumption of correctness is greatly weakened.

The board in its decision said in part (omitting reference numerals):

"Appellant contends that the Voelker and Delpech patents are not applicable to these claims for the reason that they disclose a method of heating a quartz body instead of heating a hard glass body. It is pointed out in the brief that the record indicates that the initial resistance of quartz to the passage of electricity is so much higher than that of glass that the application of the Walker system to the apparatus shown in the Voelker and Delpech patents would not result in passing current 'thru' the quartz. We agree, however, with the position of the Primary Examiner that the claims on appeal do not define anything patentable over the prior art. In the examiner's reply statement, he points out that the modification illustrated in Fig. 4 of the Walker patent includes an electric furnace or crucible * * *, having two electrodes * * * mounted therein. These electrodes may be energized by high frequency, high voltage oscillations or by lower frequency, lower voltage current in accordance with the system clearly disclosed in Fig. 1. Although the Walker patent does not state that the furnace or crucible * * * is intended to be used for heating glass, such a furnace, utilizing electrodes for passing heat current through a body of glass is common in the glass making art and the claims on appeal do not differentiate from the disclosure of this patent in specifying the heating of a 'restricted path', the claims on appeal being otherwise directly readable on this patent disclosure. The high frequency lower amperage current is applied to the welding rod * * * and to an object to be operated on * * *, for the purpose of initial ionization, by means of the circuits including the step up transformer * * * and the spark gap * * *. This circuit may obviously be used for the initial heating of the contents of the electric furnace * * * shown in Fig. 4. The voltage heavy current for melting the metal in Fig. 1 includes the transformer * * * and

likewise may be applied to the electrodes * * * of the electric furnace * * *. The circuits include apparatus such as the condensers for preventing the electricity from one of the circuits or systems from flowing into the other of said circuits or systems. The Walker patent clearly indicates that the high frequency current, which appellant characterizes as 'keep, alive' current, precedes the application of high amperage current and this, of course, is obvious."

Although the board in its decision used different language from that of the examiner, we think the board's rejection on the prior art is substantially the same as that of the examiner.

It would serve no useful purpose for us to set out the drawings of the references so as to explain the various features of the art to which appellant has called our attention, since, after a careful examination of the features mentioned by him, we are of the opinion that whatever differences there may be between the prior art methods and the method of appellant, as defined by the appealed claims, such differences do not indicate invention. For instance, in speaking of the Walker patent, appellant urges that since this patent discloses a welding rod and a workpiece connected in a circuit carrying separate high frequency and separate high amperage currents (the idea being that the air between the rod and the workpiece will be ionized by the spark of the high frequency current to condition it for the passage therethrough of the high amperage current) there is nothing relating to the forcing of the high frequency current through hard glass to heat it. Apellant further states that this showing "relates purely to maintaining the arc."

The decision of the board affirms the action of the examiner in rejecting the appealed claims upon the prior art, and it is our conclusion that in view of the disclosures of Voelker and Delpech, which relate to subjecting a body of quartz to electric heating, and in view of Walker, when considered with the first two named patents, no new and unobvious result is accom-

plished by appellant's method as defined by the appealed claims.

Apellant relies upon an affidavit filed with his request for reconsideration of the board's opinion to support his argument that quartz does not conduct appreciable currents of electricity, even in a molten condition, and to support other arguments. The Solicitor for the Patent Office points out that this affidavit was filed after appellant had taken his appeal and that the Board of Appeals had no jurisdiction to consider the same, with which fact the board acquainted appellant. It is doubtful if the board gave any consideration to the affidavit, but certainly, under the stated fact, it was not required to do so and therefore it is not a matter of concern here for us.

We have carefully considered all the arguments and contentions of appellant with reference to the alleged material deficiencies in the cited prior art and the differences in apellant's method from the methods of the cited references, but we are not convinced that apellant's application discloses anything inventive over the prior art cited.

The decision of the Board of Appeals affirming the examiner's rejection of claims 2, 7 and 8 is affirmed. The appeal as to claims 1 and 20 is dismissed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.